IN THE UNITED STATES DISTRICT COURT OF SOUTH DAKOTA

**FILED**
**FEB 0 1 2008**

| | | |
|---|---|---|
| RONALD D. MCNAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 08 - 4017 |
| v. | ) | |
| | ) | **VERIFIED COMPLAINT,** |
| YELLOW TRANSPORTATION, INC., | ) | **JURY DEMAND** |
| | ) | **AND** |
| | ) | **NOTICE OF APPEARANCE** |
| | ) | |
| Defendant. | ) | |

This is an appeal of the Equal Employment Opportunity Commission's ("EEOC") finding of no probable cause in the Plaintiff's case of employment discrimination based on gender against the Defendant in Violation of Title VII, state law/common law wrongful termination, and violation of his Family Medical Leave Act rights.

## COUNTS COMMON TO ALL CLAIMS

1. The Plaintiff "Plaintiff", "Ron", or "Mr. McNamara" timely filed a charge of gender discrimination with the South Dakota Department of Labor/Division of Human Rights ("SDDOL/DHR") in 2007.

2. The Plaintiff also had his charge simultaneously filed with the EEOC.

3. The EEOC took jurisdiction of the case and investigated.

4. After investigation, the EEOC issued a "Dismissal and Notice of Rights" letter ("Right to Sue letter") dated November 2, 2007, which Ron's law firm received on November 5, 2007. The EEOC could not conclude that there was a violation. *See* Exhibit A, Email from Attorney Todd D. Epp to Ron McNamara of November 5, 2007 and Right to Sue letter, attached hereto and incorporated herein.

5. The Plaintiff is a male citizen of Sioux Falls, Minnehaha County, South Dakota.

1

6. On information and belief, Yellow Transportation, Inc. ("Yellow") is a trucking company incorporated in Kansas, which is a subsidiary of YRC Worldwide, Inc., is headquartered in Overland Park, Kansas, and has a registered agent located in Pierre, SD.

7. The Plaintiff was employed at Yellow for nearly a quarter of a century. The last part of his employment was in the Sioux Falls, South Dakota facility.

8. Mr. McNamara's last position with Yellow was as a Customer Service Manager ("CSM") and his causes of action spring from that employment.

9. Mr. McNamara was terminated by Yellow in 2006, allegedly for a violation of its Internet/computer acceptable use policy ("Acceptable Use Policy"). *See* Exhibit B, Letter from Attorney Todd D. Epp to EEOC of August 2, 2007, attached hereto and incorporated herein. (Exhibit B does not contain the exhibits that were attached to it for the EEOC proceeding. Said documents can be produced in discovery.)

10. The Plaintiff believes the events described in the above paragraph were merely a subterfuge to terminate Mr. McNamara and hire lower paid female employees. *See* Exhibit B.

11. Ron did appeal his termination internally to Yellow but the company appeals board upheld his termination. *See* Exhibit B.

12. The Plaintiff's supervisor, Rick Hoogendorn, had made several comments to Ron and others at Yellow about the Plaintiff's (and other long-tenured managers at the Sioux Falls office) high rate of compensation due to longevity with the company and experience. Hoogendoorn also said on these occasions that the company could

2

hire several lower paid, less experienced female employees to fill Mr. McNamara's CSM position. *See* Exhibit B.

13. The Defendant did hire several female CSM's following Mr. NcNamara's termination as Hoogendorn had threatened Mr. McNamara as noted above. *See* Exhibit B.

14. At the same time of the Plaintiff's termination, the Defendant was trying to make itself "look better" on Wall Street to investment "suitors." The Plaintiff believes that part of its strategy was to jettison higher compensated, longer termed male employees like himself to position Yellow for investment or take over. *See* Exhibit B.

## COUNT 1—VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15. The Plaintiff realleges the above paragraphs and incorporates them herein.

16. Yellow's termination of Mr. McNamara violates Title VII of the Civil Rights Act of 1964 based on discrimination of sex or gender, pursuant to 42 USC 2000(e) *et seq.*

17. This cause of action arises under federal question jurisdiction pursuant to 28 USC 1331 and 28 USC 1343.

18. Yellow did discriminate against the Plaintiff by terminating him on a pretext so it could hire additional female CSMs at a lower rate of compensation. *See* Exhibit B.

19. In the alternative, Yellow's policies and hiring and termination practices at the time had disparate impact on longer-term male employees like Mr. McNamara. *See* Exhibit B.

20. Hoogendorn had on several occasions told Ron he was looking for a reason to fire him.

21. On information and belief, Yellow did hire shorter termed, younger, less experienced female employees to replace Mr. McNamara at a lower rate of compensation. *See* Exhibit B.

22. Mr. McNamara was clearly damaged by Yellow's deliberate actions or the disparate impact of Yellow's hiring and promotion policies as he lost his job. He has not been able to find a similarly well paying job with similar benefits since his termination to support his boys post divorce.

23. Further, during his employment with Yellow, Yellow, through its supervisors like Hoogendoorn, provided better conditions of working and showed favoritism for female CSM and related staff than it did for the Plaintiff, a male. *See* Exhibit B.

## COUNT 2—VIOLATION OF FAMILY MEDICAL LEAVE ACT

24. The Plaintiff realleges the above paragraphs and restates them herein.

25. Yellow violated the Plaintiff's rights under Family Medical Leave Act of 1993, 29 USC 2615 *et. seq.* ("FMLA")

26. This cause of action arises under federal question jurisdiction pursuant to 28 USC 1331 and 28 USC 1343.

27. Supervisors at Yellow such as Hoogendoorn repeatedly prevented or highly discouraged Mr. McNamara from filing for FMLA time off so as he could care for himself and his family.

28. Other employees at Yellow were not so discouraged, particularly the female employees in Ron's section in Sioux Falls. *See* Exhibit B.

29. Mr. McNamara was damaged by not being able to take FMLA. He was not able to care for his own health and mental health issues *See* Exhibit B.

30. The Plaintiff was damaged, as he could not deal with this health and mental health issues, which exacerbated the stress of his job and home life. *See* Exhibit B.

## COUNT 3—RETALIATION

31. The Plaintiff realleges the above paragraphs and incorporates them herein.

32. On or about 2004, Yellow had its annual "360 Review" of its managers, including Ron's manager, Hoogendorn.

33. Yellow violated the Plaintiff's rights under both state and federal law prohibiting retaliation against those who report suspected discrimination or harassment in the workplace.

34. Yellow's HR department investigated the situation and chose not to discipline or terminate Hoogendorn. However, this set in motion Hoogendorn's efforts at retaliation against Mr. McNamara for reporting him to Yellow. *See* Exhibit B.

35. The Plaintiff believes such claims are federal question claims and or pendant jurisdiction claims pursuant to 28 USC 1367.

36. In the 360 Review, the Plaintiff pointed out to Yellow that Hoogendorn showed favoritism to some women in the office and harassed others in the office against Yellow's own anti-harassment policies. *See* Exhibit B.

37. Because of Mr. McNamara's brave attempt to point out problems with one of Yellow's managers, Mr. Hoogendorn, it appears this is a nexus to or starting point of Ron's problems with Hoogendorn. *See* Exhibit B.

38. Hoogendorn, as a Yellow's supervisor, retaliated against the Plaintiff from 2004 until the Plaintiff's termination in 2006 because Ron had pointed out Hoogendorn's improper treatment of female employees in the Sioux Falls facility. *See* Exhibit B.

39. The Plaintiff was damaged by these actions through denial of time off, constant monitoring and harassment by Hoogendorn, and finally, his termination.

40. The Plaintiff suffered anxiety and humiliation due to this behavior by Yellow's manager against him. He was further injured by his termination.

## COUNT 4—WRONGFUL TERMINATION

41. The Plaintiff reallges the paragraphs above and incorporates them herein.

42. Yellow's termination of Mr. McNamara was wrongful and against public policy.

43. This claim is based on state law/common wrongful termination.

44. Pendant jurisdiction is applicable pursuant to 28 USC 1367.

45. Yellow acted in bad faith in terminating Mr. McNamara's employment.

46. As Mr. McNamara had "blown the whistle" on Hoogendorn's discriminatory and harassing actions towards and with female employees at Yellow, Hoogendorn then set out to fire Mr. McNamara.

47. The Acceptable Use Policy reason as stated above was merely the pretext Hoogendorn and Yellow was looking for to terminate Mr. McNamara.

48. Yellow's actions caused the Plaintiff damages through the loss of his job and benefits.

## PRAYER FOR RELIEF

49. That the Plaintiff's causes of action are tried by a jury.

50. That the Plaintiff receives Judgment from Yellow to get his former CSM job back so he can take care of his boys.

51. That the Plaintiff receives Judgment from Yellow for back pay for the time between his termination and the resolution of this case.

52. That the Plaintiff receives Judgment from Yellow compensation for his loss of income from the time of termination and the resolution of this case.

53. That the Plaintiff receives Judgment from Yellow for his reasonable attorneys fees and costs to bring the SDDOL/DHR & EEOC charge as well as to bring this action.

54. That the Plaintiff receives Judgment from Yellow for reasonable front pay.

55. That the Plaintiff receive Judgment from Yellow for the physical and emotional distress that he suffered at the hands of Yellow's discrimination.

56. That the Plaintiff receives any other relief that is just, reasonable, and legal under the circumstances.

## THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL SUCH CAUSES OF

## ACTON SO TRIABLE.

Dated February 1, 2008.

*Ronald D. McNamara* (signature)

Ronald D. McNamara

Plaintiff

## **NOTICE OF APPEARANCE**

Todd D. Epp, SBSD #2700, one of the attorneys at Galland Law Firm, PC, 317 N. Main Ave., Sioux Falls, SD 57104, (o) 605.334.0446 (f) 605.334.5388 (email) tepp@gallandlegal.com, hereby notes his appearance in this matter.

*/s/ Todd D. Epp*

Todd D. Epp. Esq.

2-1-08

## VERIFICATION OF COMPLAINT

State of South Dakota)
:SS
County of Minnehaha)

RONALD D. MCNAMARA, of lawful age, being duly sworn on oath, deposes and states:

I am the above named Plaintiff; I have read the above and foregoing, know the contents thereof, and all the statements therein are true. All statements herein made on information and belief are made in good faith in accordance with my understanding of the facts at this time.

*/s/ Ronald D. McNamara*
RONALD D. MCNAMARA

BE IT REMEMBERED, that on this 1st day of February 2008, before me, the undersigned, a Notary Public in and for the County and State aforementioned, came Ronald D. McNamara, who is personally known to me to be the same person who executed the foregoing instrument and duly acknowledge the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal on the day and year last above written.

*/s/ Renee Holman*
Notary Public

My commission expires: 7-18-2012

*/s/ Renee Holman*
Notary Public – South Dakota
My Commission Expires: 7-18-2012

RENEE HOLMAN
NOTARY PUBLIC
SOUTH DAKOTA

10